IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**MICHAEL J. PAVLOCK,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil Action No.: 1:14-CV-72**
**Criminal Action No.: 1:10-CR-7-1**
**(KEELEY)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 21, 2014, Petitioner Michael J. Pavlock ("Petitioner" or "Defendant"), acting *pro se*, filed a Motion [ECF No. 585][1] under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "Petition"), raising forty-five grounds for relief. Subsequently, Petitioner filed several Motions [ECF Nos. 716 & 727] for enlargements of time to amend/supplement the Petition and Motions [ECF Nos. 724 & 735] to withdraw/waive certain grounds for relief, which were all granted. To avoid confusion, the Court entered an Order [ECF No. 725] on June 14, 2016, directing Petitioner to re-file the Petition and identify the grounds for relief he wished to pursue. Accordingly, on August 9, 2016, Petitioner re-filed the Petition [ECF No. 733], asserting only two grounds for relief.[2] The matter is now before the undersigned United States

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 1:10-CR-7-1.

[2] Simultaneous with the re-filing of the Petition, Petitioner filed a Motion [ECF No. 735] to dismiss all remaining grounds for relief that he asserted in previous filings, which the Court granted in a Paperless Order [ECF No. 737] dated August 10, 2016.

Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

## II.   BACKGROUND

**A.   Conviction, Sentence and Appeal**

On January 5, 2010, a federal grand jury returned a fifteen-count criminal indictment (the "Indictment") against Petitioner and one co-defendant. Indictment, ECF No. 1. Petitioner was indicted for his role as the architect of a financial scheme dubbed the "1999 Settlement Agreement." See id.; ECF No. 497 at 245-46. Specifically, Petitioner was charged in Counts One through Twelve of the Indictment with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and in Counts Thirteen through Fifteen with providing false entries in a bankruptcy document, in violation of 18 U.S.C. §§ 1519 and 2.

On December 8, 2010, a jury trial was held before United States District Judge Irene M. Keeley. ECF No. 272. The trial lasted approximately eight days. See ECF Nos. 345-53. On December 21, 2010, the jury returned a verdict of guilty against Petitioner on Counts One through Fifteen. ECF No. 293.

On August 22, 2011, a sentencing hearing was held before Judge Keeley. ECF No. 430. During this hearing, Judge Keeley applied multiple enhancements to Petitioner's sentence. See ECF No. 497 at 125. To illustrate, Judge Keeley applied a two-level enhancement because Petitioner had abused a position of trust when orchestrating his financial scheme and another two-level enhancement because a vulnerable victim was involved. Id. at 245-46, 257-58. Consequently, Judge Keeley

sentenced Petitioner to 324 months of imprisonment followed by three years of supervised release. ECF No. 434 at 2-3.

On September 12, 2011, Petitioner filed a Notice of Appeal. ECF No. 446. However, on September 20, 2012, the United States Court of Appeals for the Fourth Circuit denied Petitioner's direct appeal and affirmed Petitioner's conviction and sentence. United States v. Pavlock, 494 F. App'x. 366, 368 (4th Cir. 2012). The Fourth Circuit's judgment went into effect on December 5, 2012. ECF No. 538. Following his unsuccessful direct appeal, Petitioner filed two certiorari petitions to the United States Supreme Court, both of which were denied. See ECF No. 733 at 3 (explaining that one petition was deemed insufficient and the other untimely).

### III. DISCUSSION

#### A. Petitioner's Grounds for Relief

In the Petition, Petitioner raises two grounds for relief. ECF No. 733. In both grounds, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated. ECF Nos. 733-1 at 2 & 733-2 at 2. First, Petitioner challenges his appellate counsel's failure to include in the direct appeal the issue of the "position of trust" sentencing enhancement. ECF No. 733-1 at 2. Second, Petitioner challenges his appellate counsel's failure to include in the direct appeal the issue of the "vulnerable victim" sentencing enhancement. ECF No. 733-2 at 2. Petitioner requests that the Court grant him a "[n]ew appeal, new trial [or a new sentencing hearing]." ECF No. 733 at 13.

#### C. Analysis of the Petition

##### 1. Whether Petitioner's Grounds for Relief are Procedurally Defaulted

Generally, "issues that could have been raised on direct appeal, but were not,

may not be later raised in a collateral attack such as a § 2255 motion." Stevenson v. United States, 594 F. Supp. 2d 695, 701 (N.D. W. Va. 2009). However, two exceptions to this rule exist. First, ineffective assistance of counsel claims may be raised in a § 2255 motion. See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994) (stating that ineffective assistance of counsel claims are "best left to collateral review" because "the record [on direct appeal] is usually inadequately developed"). Second, claims in which the defendant can show either "cause and actual prejudice or that he is actually innocent" may be raised in a § 2255 motion. Higginbotham v. United States, No. 1:09CR117, 2013 WL 2154810, at *6 (N.D. W. Va. May 17, 2013). To establish cause, a defendant must show "something external to the defense, such as the novelty of the claim." Id. To establish actual prejudice, a defendant must show that the error worked to his or "actual and substantial disadvantage, rather than just creating a possibility of prejudice." Id. (citations omitted). Finally, to establish actual innocence, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id.

In the present case, Petitioner failed to raise the arguments contained in the Petition in his direct appeal. However, because Petitioner's two grounds for relief consist of ineffective assistance of counsel claims, Petitioner's claims may properly be raised at this time. Therefore, the undersigned will examine the merits of Petitioner's grounds for relief.

### 2. The Merits of Petitioner's Grounds for Relief

Petitioner raises two ineffective assistance of counsel claims. ECF Nos. 733-1 at 2 & 733-2 at 2. The United States Supreme Court has set forth a two-pronged test for

courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong," and *vice versa*. See Fields, 956 F.2d at 1297.

With these rules in mind, the undersigned will examine each of Petitioner's grounds for relief in turn.

### a. First Ground for Relief

For his first ground for relief, Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his appellate counsel failed to include in the direct appeal the issue of his "position of trust" sentencing enhancement. ECF No. 733-1 at 2. Guideline 3B1.3 authorizes a two-level sentencing enhancement if "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. A position of trust "is a term of art, appropriating some of the aspects of the legal concept of a trustee or fiduciary." United States v. Ebersole, 411 F.3d 517, 536 (4th Cir. 2005). "In other words, application of the enhancement requires more than a mere showing that the victim had confidence in the defendant. Something more akin to a fiduciary function is required." Id. (ruling that an "arms-length commercial relationship[ ] where trust is created by the defendant's personality or the victim's credulity" is insufficient for the position of trust enhancement). When determining whether a position of trust existed, a court "must [analyze] the relationship between the defendant and the victim from the perspective of the victim." Id.

In the present case, the undersigned finds that Petitioner fails to meet his burdens under the Strickland two-pronged test. Petitioner's ineffective assistance of counsel claim hinges on his assertion that the application of the position of trust enhancement to his sentence was improper because he was not in a fiduciary relationship with his victims. However, the enhancement was not improper. During

Petitioner's sentencing hearing, Judge Keeley summarized the evidence relevant to the position of trust enhancement that was introduced at trial, which showed that:

> [Petitioner] had been granted unfettered discretion over the monies and assets entrusted to him by the so-called investors, the members of the 1999 Settlement Agreement. He was the mastermind of that agreement. He was more culpable than any of his associates involved in that agreement. He persuaded numerous persons to lend him money and to work for him through using the illusion that he had legitimate business activities and financial success. . . . [Three witnesses] testified he was the only one who understood the agreement and who could resolve their disputes through the agreement and he convinced them, as part of his scheme, that they could earn profitable returns on their investments by entrusting the money to [Petitioner]. . . . He then formed numerous companies creating the illusion of success by driving expensive cars, among other [things]. He convinced the members of the 1999 Settlement Agreement that they just couldn't understand the complexity of the scheme and that he alone could solve their problems and he told [a witness] his business needed capital to conclude the transactions to resolve the scheme.[3]

ECF No. 497 at 245-46. Therefore, it is clear that Petitioner's conduct fulfilled the requirements for the position of trust enhancement because Petitioner, who was the architect of the 1999 Settlement Agreement, used his position to solicit funds from investors and to advance his financial scheme. It is also clear, contrary to Petitioner's arguments, that he acted in a fiduciary capacity to his investors because he possessed "unfettered" discretion to use their investments, which they believed he would use for their economic gain. See United States v. Bollin, 264 F.3d 391, 416 (4th Cir. 2001) (stating that a fiduciary relationship exists "[where] the defendant has broad discretion to act on behalf of the victim and the victim believes the defendant will act in the victim's best interest"). Accordingly, because the position of trust enhancement was properly

---

[3] While Petitioner argues that Judge Keeley's summation of the evidence "was factually . . . incorrect," he provides no basis for this contention. ECF No. 733-2 at 7. Indeed, Petitioner does not identify any particular statement as incorrect and, after a thorough review of the record, the undersigned is unable to perceive any inaccuracies in Judge Keeley's summation.

applied, Petitioner cannot establish that his counsel was ineffective for failing to raise a meritless argument.[4] Consequently, Petitioner has no basis to support his first ground for relief and the ground should be denied.

### b. Second Ground for Relief

For his second ground for relief, Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his appellate counsel failed to include in the direct appeal the issue of his "vulnerable victim" sentencing enhancement. ECF No. 733-2 at 2. Guideline 3B1.3 authorizes a two-level sentencing enhancement if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). According to Application Note 2, a "vulnerable victim" includes a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to criminal conduct." U.S.S.G. § 3A1.1, Appl. Note 2.

In the present case, the undersigned finds that Petitioner fails to meet his burdens under the <u>Strickland</u> two-pronged test. Petitioner's ineffective assistance of counsel claim hinges on his assertion that the application of the vulnerable victim enhancement to his sentence was improper. However, the enhancement was not improper. During Petitioner's sentencing hearing, Judge Keeley summarized the evidence relevant to the vulnerable victim enhancement that was introduced at trial, which showed that:

> [One of the victims,] Edith Konchesky began giving substantial amounts of money to [Petitioner] in 2005 when she was 76 years of age. [A witness] testified at trial that in 2006, during the negotiations to purchase [a]

---

[4] The undersigned also notes that the issue of whether a position of trust enhancement was warranted in Petitioner's case was litigated during sentencing and that Petitioner's arguments against the application of the enhancement were unsuccessful.

8

> limousine service, [Petitioner] stated he believed Ms. Konchesky suffered from Alzheimer's disease and that he would get the money to pay for the limousine once he became Ms. Konchesky's power of attorney. Within the past year, . . . from 2010 to now, Ms. Konchesky was diagnosed with dementia and prior to that on March 20th of 2009, Brian Fox, the Case Agent, interviewed Lisa Swope who . . . advised him that on one occasion [Petitioner] brought Ms. Konchesky to [the] office and she appeared to be lost and not to understand why she was present or what was going on. Karen Hall, who was the Conservator for Ms. Konchesky, supported that observation by stating that Ms. Konchesky was not able to take care of affairs and . . . needed assistance from an outside party.

ECF No. 497 at 256-57. Petitioner does not argue that any statement in Judge Keeley's summation is factually incorrect. Instead, Petitioner argues that the evidence does not establish that Ms. Konchesky was a vulnerable victim in the years 2005 and 2006. ECF No. 733-2 at 10-15. More specifically, Petitioner argues that he "is not a doctor or a mental health expert" and that, therefore, he could not have known that Ms. Konchesky suffered from dementia at the time he was conducting his financial scheme. Id. at 11.

The undersigned disagrees. It was not required that Petitioner know at the time of the scheme that Ms. Konchesky suffered specifically from dementia. To the contrary, it was only required that a reasonable person, not an expert, would or should have known that Ms. Konchesky was vulnerable due to her age and mental condition. Because Petitioner had met Ms. Konchesky and knew, or at the very least should have known, of her advanced age and of her deteriorating mental condition, it is clear that Ms. Konchesky qualifies as a vulnerable victim. Accordingly, because the vulnerable victim enhancement was properly applied, Petitioner cannot establish that his counsel was ineffective for failing to raise a meritless argument.[5] Consequently, Petitioner has no basis to support his second ground for relief and the ground should be denied.

---

[5] The undersigned also notes that the issue of whether a vulnerable victim enhancement was warranted in Petitioner's case was litigated during sentencing and that Petitioner's

## IV.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 585] be **DENIED** and that the § 2255 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 11th day of August, 2016.

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

---

arguments against the application of the enhancement were unsuccessful.